Case US-XL Lockheed v. McKenzie v. City of Dallas Good morning, Your Honors. May it please the Court, Ryan Downer for Relator Appellants Craig McKenzie and Curtis Lockheed. This case, Lockheed II, presents a different question under the False Claims Act than was resolved in Lockheed I. For that reason, the preclusion doctrines do not bar this action. Lockheed II... Mr. Downer, in the first suit, the allegations and that joint declaration went fully into what you allege in this suit? We introduced the joint declaration as evidence, Your Honor. It was part of the summary judgment record. It's part of the summary judgment record, but it wasn't introduced as allegations in that case. And we appealed the finding in the first case to this Court. This Court held that that information had a, quote, differing focus than the allegations at issue in Lockheed I, which primarily focused on the City's failure to affirmably further fair housing. It had a differing focus, and so this Court did not consider it to be... In other words, you had a subset of the claim you alleged earlier. That's what it amounts to. Well, it's not exactly a subset because the FCA divides the inquiry into two analytical steps. There's the step one inquiry of the public disclosure bar, and then there's the second merits inquiry of was there a fraud in the government. They're similar at a high level of generality on the second question, but as to the first question, the predicate step of is there a public disclosure, and if so, are relators the original sources... You had the general claim in your first petition, and also the specific claim that you make here. Well, the public disclosure and original source issues are distinct, and I can tell you exactly why. The Lockheed I Court found five specific sets of documents publicly disclosed the Lockheed I allegations about affirmably furthering fair housing. The Lockheed I Court also found that relators were not the original sources for those five public disclosures, or for three of those public disclosures, not for two of them. Three of the public disclosures identified by the Lockheed I Court fully do not apply to the Lockheed II allegations, which are specific to the LTV, the city's conduct towards the LTV project. But the Lockheed I Court also went through the specific allegation you're making here about the meeting with the city representative. It went all through that. It went through the joint declaration, which had that information that we introduced as evidence of the Lockheed I allegations of affirmably furthering fair housing fraud. It did not consider the intentional discrimination allegations, which we submitted in an amended complaint that was rejected by the Court, and this Court on appeal said that that information had a differing focus, that it was not concerning the affirmably furthering fraud, that it only concerned intentional discrimination. So suppose you're a Title VII plaintiff and you're suing in a class and saying this employer has a pattern and practice of racial discrimination and you lose. But as part of the summary judgment evidence, you had said, in particular, employee A had this experience that used code words and proved he was discriminated against, and the Court still said you lose. Could you then file a separate suit on employee A? No. That's not this case, Your Honor. Why not? The reason is that the substantive issue in Lockheed I was never reached. There's never been a determination on the merits. You're still talking about I'm trying to analogize predicate issues. I'm not trying to predicate issues. This is part of the larger, the fact that you're dealing with one set of certifications and just all of the certifications in one case and one particular set of certifications in the second case doesn't mean it's not the same case. Well, the relevant precedent says that you don't look at the highest level of generality to consider whether or not the allegations in the complaint are publicly disclosed. There are certainly similarities between the allegations in Lockheed I and the allegations in Lockheed II. They both concern the city's failure to comply with its civil rights obligations. But at a more granular level, which is where the case law directs us to look, the Lockheed II allegations discuss specific issues of intentional discrimination. The first complaint alleged a conceptually different fraud. It focused on failure to affirmably further fair housing in over 20 different city programs. It made reference to zoning decisions, to Hurricane Katrina, to census data. This complaint is purely about the relator's experience. Wouldn't that evidence, well to me this is a claim preclusion case. I don't understand, you had every ability to bring the Lockheed II allegations within Lockheed I and in fact you did do that and so I don't see why you didn't, why you're not barred at this point. We attempted to bring this exact case that's focused specifically on the LTV related intentional discrimination allegations in the first case. 60B2. We introduced it as an amended complaint. We were precluded from doing that even though we were in the statute of limitations. So to date there's actually been no determination by any court that the Lockheed II allegations have been publicly disclosed. That was part of the evidence that was held not to create a fact issue in regard to Lockheed I. On the conceptually different issue of was there a fraud in a general and broad and global sense. But the case law, including Little v. Schell, which was just decided by this court three or four years ago, it directs us to look at the specific allegations and compare them to what's been publicly disclosed. Little v. Schell didn't involve serial litigation. There are distinct differences between the public disclosure original source allegations in the first case and the second case. Three of the public disclosures that were identified by the Lockheed I court fully do not. Both false claims act. Your relief is false claims. Yes. And at a general level. Any false claims. It's not exactly the same false claims. And it may implicate the same statute. The evidence may differ. But if the allegation and the claim is the same in this case, then it stops you. Well, as an initial matter, Judge Riefle, we tried to bring this claim in the first action. It was not deemed material to the specific allegations in the first action. We came to this court and this court ruled that it had a differing focus. Also, the claim here that we're dealing with, and we have to emphasize, is the public disclosure claim, not the substantive merits claim. Similarities between the substantive merits of the first case and the second case are not particularly relevant here because there's never been a ruling on the merits of the False Claims Act question. What there's been a ruling on is that the Lockheed I allegations were publicly disclosed. We present a different claim in this case that the Lockheed II allegations were either not publicly disclosed or that relators are the original sources for the Lockheed II allegations. It's a distinctly separate case. And little Michel asks, could you reproduce the complaints allegations from what's been disclosed? And here you could not do that. Let me just ask you as a practical matter, you're talking about rehabilitating some office tower in downtown Dallas to move in low-income families, right? Yes, Your Honor, that's the substantive... What's the nearest public elementary school to where that tower is? I don't know the answer to that question. Where's the nearest, you know, cheap grocery store? I'm not certain of that, but the point of the... Well, I just wondered, because one of your major... I mean, it seems to me your only, quote, smoking gun allegation is that the guy said, this is not part of our vision for downtown Dallas, and you say that's a code word, which, oddly enough, we just had in another case involving a little suburb, but not for racial purposes. But anyway, even assuming it's a code word, I don't understand... Well, no, I'm not assuming it's a code word, because it could mean... Why would low-income people want to live in the middle of downtown Dallas if they can't get their kids to school easily? Well, the reason that people want to live in downtown Dallas is not at issue here. I think there are very good reasons for why low-income minorities would want to live in an affluent area with access to better goods and services. That's the substantive claim of the case. But there's been no ruling on the substantive questions, and they can't be a basis for race judicata. That's going to be an issue on remand, if we get there, for the district court to determine the second substantive step question of, was there actually a fraud in the government? Did this constitute intentional discrimination? And, Judge Jones, I do believe there's actually much more evidence of the intentional discrimination. There are several comments that were made. But again, this is strictly about were these allegations publicly disclosed and are relators the original sources for them? The answer to both questions is that they are different. The answers to those questions are different. The bottom line is this. If Lockheed II had been brought in the first instance, the public disclosure finding necessarily would have been different. The original source finding necessarily would have been different. And for that reason, we are not precluded by either issue or claim preclusion. Isn't there some defense about, didn't HUD file some investigative report about this particular development? Yes. The 2013 HUD letter I think Your Honor is referring to was an issue before the court. We brought it to the court's attention, and this court told us that that information, including the LTV prominently, including the LTV allegations, had a different focus. And so now we've been put in this box where the information Isn't there a defense based on where you can't, when the federal government is investigating something, you can't haul in and ask for treble damages on what the federal government is investigating? Well, the defense is very specific. It has to be a civil suit or a civil money penalty proceeding by the government. Neither occurred here. And the government has to be a party to that suit. That's also not true here. HUD investigated at the relator's request. The relator's LLC was a party to that investigation or that HUD complaint, and the city was the other party. So there's no preclusion based on 3730 because of that. There was no money sought in that proceeding by HUD. There was no money gained or obtained by HUD. And the Department of Justice has a full right to investigate claims of fraud that are distinct from the claims of FHA violations that HUD was investigating. But so I'll switch to specifically. Well, the FHA allegations were based on your idea that they were discriminating, right? Your fraud is that they were discriminating, right? Yes, but they're distinct statutes and they're distinct causes of action. I understand that, but lying is lying whether you call it fraud or intentional discrimination. Well, the lying wasn't. It wasn't based on intentional. All right, whatever. The point is that the lying wasn't at issue in the HUD investigation. What was at issue was is the city actually complying with its obligations. There's no issue preclusion here because the two issues between the cases have to be identical, and they must have been actually litigated. If there's any doubt as to any of those elements, you don't get issue preclusion. And only one issue was decided in Lockheed One, the public disclosure bar. And as I said before, the FHA divides that into two steps, the predicate, public disclosure question, and then the substantive question. We only got an answer on the step one question as to the allegations in Lockheed One, and that's fully consistent with this Court saying that the Lockheed One allegations have a different focus than the allegations we're bringing now. So now we've brought this second action because it represents a different public disclosure issue. The Lockheed Court didn't determine an identity of issues here because it did not engage in any public disclosure analysis at all. The whole point of the district court decision and the case you brought to us is if the claim is precluded because of the issue preclusion or claim preclusion, you don't get to the merits. That's what the basis of the case is. But the district court didn't make a finding that the public disclosures in Lockheed One are the same as the public disclosures in Lockheed Two. It has to make that finding. It didn't make any public disclosure finding at all. It jumped to the original source question, which it could not have done properly. And the reason that's important is that the five public disclosures listed in Lockheed One do not implicate Lockheed Two's allegations in the same way, and in three cases they don't implicate it at all. So that's why it's important. There are five disclosures, and I'll go through them briefly. Five disclosures identified in Lockheed One, the Walker v. City of Mesquite case, the Affordable Housing Projects report card, budget and housing documents, and then Relators 2010 HUD complaint and a June 2010 article in the newspaper. For the first three of those, the Walker case, the report card, and the public budget and housing documents, those documents do refer to the city's failure to affirm the furthering over a period of years. But they seem to have. In paragraph 56 and 57 and 64 and 75, there were allegations about the conversation with the city. In the first complaint or the second complaint? First. I may have my paragraphs wrong. You're not saying that there was no allegation in the first suit or nothing in the joint declaration about conversations with the city? It was there. It's in the joint declaration. There's, I believe, one paragraph in the first complaint that makes passing reference. That's this court's language. The first complaint in Lockheed One makes a passing reference to the LTV project and Relators' experiences. The joint declaration goes into some detail, and I don't dispute that. We introduced that as evidence of the fraud in the first case, of the affirmably furthering fraud. That court said it didn't matter. And this court said it was too different from the subject matter of Lockheed One to matter. So now we've been put in this box where, in the first case, that information was too different from the allegations to matter to the outcome, and now we're being told by the city that the information is too much the same as the first case. So we're still in this position where we have not had any ruling on the public disclosure question in Lockheed Two. Were these specific allegations publicly disclosed? I'm sorry, Your Honor. Thank you. Thank you very much. Okay, Mr. Esty. May it please the Court, my name is Charles Esty. I represent the city of Dallas in this matter. I'll limit my arguments to the issue and claim preclusion issues. If I have time, I'd like to at least visit briefly about the recent Supreme Court decision on materiality in Universal Health Services v. Escobar. Judgments are given preclusive effect to prevent parties and the courts from hearing the same matter over and over again. This is a second false claims act brought by relators concerning their failed bankrupt project that the city denied funding when they were facing imminent foreclosure, hadn't paid real property taxes for two years, and represented to the city the value of the property was over $17 million when, in fact, they had obtained an agreed judgment with the local appraisal district that it had a value of just $3.5 million. After the city denied funding, they sued under Lockheed One. Lockheed One was dismissed for the public disclosure bar. This court affirmed 40 days later after mandate was issued by this court, they filed the second lawsuit. The only issue for this court is whether the same issue or claims are presented in the Lockheed One and Lockheed Two. The plaintiff can't escape the preclusion effects by urging new theories, new legal arguments, or even presenting new evidence. But here, we don't have that situation. The arguments are the same. The evidence is the same. The causes of actions are the same. The theories and arguments have all been repeated and decided in Lockheed One. The identical nature of the two lawsuits is highlighted by the fact that they sought leave to file this very amended complaint in Lockheed One that is now the live pleading in this complaint. The only difference was the caption in the case. The district court denied leave, recognizing it was an attempt to confer jurisdiction, and the district court said he had the power to remedy defective allegations, but not the power to remedy defective facts. We have defective facts here. The relators have provided no explanation as to why the decision denying leave is not determinative. Furthermore, the complaint here is drawn from the other previous filings in Lockheed One. Well, I know they all overlap and everything, but is it your contention that this is claim preclusion or issue preclusion? It is both, Your Honor. All right, and what issue pertinent to Lockheed Two was litigated and decided in Lockheed One? Well, Your Honor, that's a dual answer. It's because we take the position there was, in fact, a judgment on the merit, a substantive judgment on the merit. Why is that? Because they – because – go ahead, why? Two different – well, for one reason, the overall reason is that this was based on a motion for summary judgment. This court treats summary judgments as rulings with prejudice. In Riviera v. PNS, I believe, is the site. In this case – or in Lockheed One, relators argued that because of an amendment in 2010, the public disclosure bar was now an affirmative defense. The district court and this court, in addressing that, didn't decide whether or not it was an affirmative defense or a jurisdictional issue, made the decision to treat it as an affirmative defense, applied the summary judgment rule, and granted us relief as a summary judgment. As to pre-2010 conduct, this court has said a public disclosure bar is an issue intermixed with facts and so that it would be evaluated under the summary judgment standard. So we satisfied the summary judgment standard, and therefore we believe we're entitled to a judgment of dismissal on the merits in Lockheed One. Regarding public disclosure. Regarding public disclosure. But as an affirmative defense, that would essentially cover us for all claims that should have been. Before the amendment, public disclosure was a jurisdictional defect, right? Correct. But see, what I don't quite understand here is that they are bringing this free-floating, city's bad, city discriminates in all these certifications and shouldn't be getting federal funds as a false claim, and the court finds that there has been public disclosure based on these past events. And then we affirm summary judgment on that. But the nature of the disclosure is completely different from what they say happened to them individually. Why isn't that argument valid? Your Honor, because both the district court and this court addressed their claims of having. And we said those are different. No, what the court said was those were surpluses, cumulative of what all the other evidence of public disclosure had already occurred. When they're talking about there only being five pieces of document or five documents that were publicly disclosed, that is inaccurate. The district court in Lockheed One, there were voluminous, hundreds of pages of documents to support the public disclosure. The district court said those five documents were the most glaring. That was not the selective. Yeah, but then they offered their joint declaration later, after. That was in part. It was in response to the motions to dismiss in Lockheed One. In Lockheed One. Correct. Okay, and that went up to this court also, right? That is correct. Okay. And just to kind of go back to you, you asked if this was issue preclusion. Yes, it is an issue preclusion. The district court and this court in Lockheed One determined there was a public disclosure of the allegations and transactions and that they weren't the original source. That is the issue. You're talking about not with regard to the LTV Tower specifically? Oh, specifically, Your Honor, both. I didn't think so. I mean, I thought that was the whole point of saying it's not exactly, it's a different focus. Well, I think when this court was addressing the motion to amend the judgment, it was specifically referencing the LTV Tower and that it was cumulative of what had already been disclosed. So the district court wrote four different opinions dealing with this case, and three of them, it discussed their personal involvement, and in those three opinions, it also talked about the allegation that the city was intentionally discriminating. Even in their original complaint, they said, I'm just trying to see if I can find it quickly, that the city was intentionally trying to prevent them and trying to. . . Well, suppose we were to affirm here, and then they go back and they file Lockheed Three, and Lockheed Three has to do with a particular project that occurred during this general time frame in which they had personal experience or something like that. You would be making the same, your argument would be claim preclusion there, right? I think it would probably be both, Your Honor, because, again, it would be related to whether the issue that they have asserted under the False Claims Act is that the city was falsely certifying its civil rights obligation by these various actions. To get federal money, right. That's what the court has determined were publicly disclosed, that there was a public disclosure of noncompliance of whatever federal civil rights obligations were out there, so that it would be both issue and claim preclusion. They repeatedly said these are different allegations. They're not different allegations. The three differences they talk about were that they claim that they did not raise the issue of certifications as to other civil rights obligations. Those were in their original, or I should say in the amended complaint, the lie pleading in Lockheed One. And probably one of the best examples of that is found at their last lie pleading in Lockheed One at page 141, paragraph 149, it says, Through actions alleged herein, defendants falsely induced government to approve and pay out block grant or PIH funds based on false premises of certifications made by the defendants that they had complied and would comply with their respective FFH and other civil rights obligations. When they came back and filed this action, paragraph 94 of the complaint, at page 26 of the records alleged, Through actions alleged herein, the city falsely induced the government to approve and pay out block grant funds based on false premises and certifications made by the defendants that it complied with and would comply with its federal civil rights obligation. The only thing that happened is they deleted the reference to DHA, the Dallas Housing Authority, who was a co-defendant in Lockheed One, and the specific reference to AFFH. Furthermore, in this case, they're trying to retry the AFFH claims again. They have a whole section in this lie pleading in Lockheed Two, dealing with the city's failure to affirmatively further fair housing. One of the issues we haven't really talked about, and they certainly don't talk about, is that if we're going to talk about claim preclusion, then we're going to talk about transactional tests and the nucleus of operative facts. The nucleus of operative facts, whether it's to determine jurisdiction or to merits, are identical. They have not identified a single factual difference between Lockheed One and Lockheed Two. Going back to what the district court viewed as the crux of Lockheed One, it held that the complaint was that the city falsely represented it was in compliance with its civil rights certifications and summarized the district or the relators contend that the public available information merely demonstrated noncompliance while their personal action confirmed intentional segregation. The three distinctions that they try to allege here have all been raised, were all addressed, and all resolved in Lockheed One. Mr. Esty, I think we have your argument. Okay. I don't know if the court wants to hear about Escobar or not. You can argue it if you want to. I just want to briefly touch about it. In the United Health Services versus Escobar, the Supreme Court held that materiality should be a rigorous and demanding test, that mere compliance or a regulatory or statutory requirement of compliance as a condition of payment is not necessarily material. Here, the relators allege that materiality was just a potential. They didn't have to prove it. There are no allegations concerning materiality. And so if the court looks for an alternative ground to affirm this, if we get that far, we would request that the 12B6, based on the failure to allege materiality, be granted. Let me conclude just by reciting a little bit from a Supreme Court decision nearly 80 years ago and stole the GOTB 305 U.S. 165. The court there said, After a federal court has decided the question of the jurisdiction over the parties in a contested case, the court in which the plea of race judicata is made has not the power to inquire again to that jurisdictional fact. The court continued, It is just as important that there should be a place to end as there should be a place to begin litigation. After a party has his day in court with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issues previously determined. This court requests the court put an end to the relator's latest efforts to retry issues already decided and affirm the judgment of the district court. Okay. Thank you, Mr. Aston. Okay. Mr. Banner. I'd like to address directly the claim preclusion issue. The transactional test and the common nucleus are just ways of asking, Could these claims have been brought in the first action? And the answer is that we tried to bring these as independent claims in the first action. We were precluded from doing so when our amended complaint was not considered. We brought this information about the LTV project as evidence of our first case, but this court said that that information had a differing focus than the broad allegations of affirmably furthering fraud that we alleged in Lockheed One. The district court said it was surplusage, but this court said it was different in focus. So this is not a situation like a classic race judicata case where we have held something back from the court and now for the first time we're trying to introduce it. We attempted to put this information before the court. We attempted to put these claims before the court, and we were not allowed to do so in the full way that we should have been allowed to do that. But, I mean, when you say different focus or surplusage, I mean, I sort of read that as saying that they were, in fact, embodied within your global complaints. Well, that's not my understanding. The Fifth Circuit's opinion was pretty clear that this was different in kind, this information was different in kind. And so that makes this a different case. We weren't permitted to bring these allegations the first time around. And now we are before the court trying to get all we really want is a ruling on the public disclosure and original source questions in the first instance. If you put the declaration in your summary judgment evidence, why wasn't it before the court? The evidence was before the court. The court did not consider that to be evidence of the claim that we were making. It would be no different if we were bringing some sort of— Where do you get that out of the district court opinion? The district court opinion said that that information was not material to the decision. But he considered it. But those were not—that information was not before the court as allegations. So it wasn't part of the claim. It wasn't part of the complaint. You had broad allegations, and then you put that joint declaration in to support your claim. I don't understand why that's not before the court. I'm not saying that it was not before the court, but the court didn't consider it as part of the allegations when it was considering whether the allegations were publicly disclosed in the same way that it should have. That makes this case different, because this case focuses narrowly on what the relators had original independent knowledge of, does not have information about the zoning decisions and the other decisions that the court found were too broad, too broadly construed. I want to respond to Mr. Esty's point, to the city's point, that there was a judgment on the merits. There was a judgment on the merits only of the jurisdictional claim or the predicate claim of the public disclosure bar. There was no judgment on the merits as to the substantive issues, which are admittedly quite similar. They're similar, but it doesn't matter because there's never been a ruling on those issues. There's only a ruling on the jurisdictional question. And it does wrap up with the merits of the case, because in order to consider the public disclosure questions, the court necessarily has to engage in a fact-intensive inquiry looking at the same documents it would consider for the ultimate question of whether there's a fraud. I'd also like to add, Your Honors, that this information materially adds to the picture in the language of Reagan. It materially adds information about the fact that the city's actions towards segregation were not just acquiescence to an inevitability. There was intentional perpetuation of segregation. That's what the crux of the claim is in the second case, and that's why this case is different. If there are no other questions... Okay. Thank you very much. Thank you, Counsel. Thank you, Your Honor. We are in case.